or obligations incurred in supporting the minor children of the husband. . . We see no valid reason why, if a child can not sue in its own name its father for support in the nature of alimony, and can not do so by some relative or other person as next friend, it can institute such suit against the father by its mother, who has been divorced from the father, as its next friend. So we are of the opinion that this suit was not maintainable under the decisions above cited." As stated above, there is no difference in the *Hooten* case and the present case.

By amendment to the petition the verdicts and decree rendered in the suit by the husband for a divorce from his wife were attacked as void, "for the reason that the said verdicts and decree were illegally obtained, in that the plaintiff and the defendant in that case entered into a collusion to obtain a divorce and agreed to obtain a divorce, which conduct on their part was illegal and contrary to the laws of the State of Georgia, and rendered the said divorce verdicts and decree void." The divorce verdicts and decree were further attacked as void for the reason that they were obtained by fraud, "in that this plaintiff was informed by the defendant in this suit, . . and by his attorney, that he was making provision for the support of this plaintiff by him, and that it was not necessary for this plaintiff to be represented in said proceeding, because the attorney for the defendant herein . . would look after the interests of this plaintiff in said suit and see that she was protected, and further stated that he would see that the necessary orders were taken in said case to protect this plaintiff," which promises were relied upon by the plaintiff. It will be seen that this is a collateral attack upon a judgment rendered in another case in which the plaintiff, the minor, had no interest; and further, one of the parties in the divorce proceeding, the mother, is not a party to this suit, save as next friend for the minor. The court did not err in sustaining the demurrer.

*Judgment affirmed. All the Justices concur.*

RAINEY, receiver, *et al. v.* HARRISON, clerk.

No. 11188. MAY 15, 1936.

*G. Fred Kelley* and *Clifford Pratt,* for plaintiffs in error.
*Robert L. Russell,* contra.

HILL *v.* PRITCHETT *et al.,* executrices.

No. 11222. MAY 15, 1936.

*Butler & McCollister,* for plaintiff.
*Albert E. Mayer,* for defendants.

BECK, Presiding Justice. Joseph W. Hill filed his petition against Katie M. Pritchett and Ella M. Hutcheson as executrices of the will of Sara C. Hill, his deceased wife. He sought to establish a resulting trust for his benefit in her estate in certain real estate described. He prayed that the defendants be enjoined from interfering with his possession of this real estate. The court refused an injunction, and the plaintiff excepted.

Error is assigned on the ruling of the court excluding from the evidence an affidavit of the plaintiff, offered in his own behalf. Among other statements in this affidavit is the following: "Deponent says that he was the lawful owner of such note and loan deed, and was recognized as such by his wife, who understood that she was holding the legal title to the note and the deed only for the use, benefit, and convenience of deponent." Such a statement as this is necessarily referable to communications or transactions